**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Benjamin HELTON, Defendant–
Appellant.**

**No. 02–5155.**

United States Court of Appeals,
Sixth Circuit.

Jan. 27, 2004.

890

Michael E. Winck, Asst. U.S. Attorney, U.S. Attorney's Office, Knoxville, TN, Perry H. Piper, Asst. U.S. Attorney, U.S. Attorney's Office, Chattanooga, TN, for Plaintiff–Appellee.

Lex A. Coleman, Johnson, Mulronny & Coleman, Chattanooga, TN, for Defendant–Appellant.

Before BATCHELDER and CLAY, Circuit Judges; and SCHWARZER, District Judge.*

BATCHELDER, Circuit Judge.

Benjamin Helton ("Helton") appeals the district court's order denying his motion to dismiss count six of his indictment, which alleged a violation of 18 U.S.C. § 924(c).

For the reasons set forth below, we affirm the judgment of the district court.

## I.

Helton was arrested during his attempt to sell 2 ounces of cocaine hydrochloride through an intermediary to a confidential informant cooperating with the Chattanooga Police Department. After Helton's arrest, the police obtained his consent to search his apartment, which was located several miles from the scene of his arrest. In the bedroom closet, the police found½ pound of marijuana, a cutting board with suspected cocaine residue, and a safe. The officers removed the safe and subsequently opened it with Helton's key, finding 100 grams of methamphetamine, two bags of cocaine powder weighing approximately 60 grams, four bags of marijuana weighing approximately 250 grams, one bottle of suspected "Special K" (Ketamine), distribution size baggies, and a loaded Llama .22 caliber semi-automatic handgun.

Helton was indicted on charges of conspiracy to distribute methamphetamine, cocaine hydrochloride, and marijuana (Count 1), attempt to distribute cocaine hydrochloride (Count 2), possession of cocaine, marijuana, and methamphetamine with intent to distribute (Counts 3–5), possession of a firearm in furtherance of drug trafficking as charged in Counts 3–5 in violation of 18 U.S.C. § 924(c) (Count 6), and possession of a firearm by an individual who has been convicted of a crime punishable by a term of imprisonment exceeding one year in violation of 18 U.S.C. § 922(g)(1) (Count 7). After entering an initial plea of not guilty, Helton entered into a plea agreement pursuant to Fed. R.Crim.P. 11(a)(2), permitting him to plead guilty to Count 1 (conspiracy to distribute)

* The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

and Count 6 (possession of a firearm in furtherance of drug trafficking offenses), and reserving his right to file a motion to dismiss the firearms charge and to appeal any denial of that motion. Pursuant to the agreement, the government dropped all of the other counts of the indictment.

Helton filed the motion to dismiss the § 924(c) charge and a memorandum of law, which, among other arguments, highlighted the Fifth Circuit's opinion in *United States v. Emerson*, 270 F.3d 203 (5th Cir.2001) (adopting an individual rights interpretation of the Second Amendment). The district court denied the motion, whereupon Helton was sentenced to 97 months of incarceration, 60 months of which related to his five year consecutive penalty for violation of § 924(c). Helton then brought this timely appeal.

## II.

Helton's guilty plea was, as we have noted above, a conditional plea entered pursuant to Fed.R.Crim.P. 11(a)(2), which permits the defendant to reserve the right to appeal an adverse determination of "a specified pretrial motion." Helton's plea agreement reserved his right to move to dismiss the § 924(c) charge and to appeal any denial of that motion.

■ Helton's primary argument before the district court and on appeal is that 18 U.S.C. § 924(c) charge must be dismissed because § 924(c)'s requirement that a gun be used or carried "in furtherance of" a crime of violence or drug trafficking crime is vague and overbroad. The district court relied on our opinion in *United States v. Mackey*, 265 F.3d 457 (6th Cir.2001) in examining Helton's claims. In *Mackey*, we addressed the definition of "in furtherance of" under the statute. In light of the term's natural meaning and the legislative history, we found that

> [i]n order for the possession to be in furtherance of a drug crime, the firearm

must be strategically located so that it is quickly and easily available for use. . . . Other factors that may be relevant to a determination of whether the weapon was possessed in furtherance of the crime include whether the gun was loaded, the type of weapon, the legality of its possession, the type of drug activity conducted, and the time and circumstances under which the firearm was found. . . . The list of factors is not exclusive, but it helps to distinguish possession in furtherance of a crime from innocent possession of a wall-mounted antique or an unloaded hunting rifle locked in a cupboard.

*Mackey*, 265 F.3d at 462. As our *Mackey* analysis makes apparent, 18 U.S.C. § 924(c)'s use of "in furtherance of" is neither unconstitutionally vague nor overbroad. Accordingly, Helton's constitutional claims must fail.

Alternatively, Helton argues that § 924(c) is subject to the rule of lenity. Helton is mistaken. "The rule of lenity applies only if, after seizing everything from which aid can be derived, . . . we can make no more than a guess as to what Congress intended." *Muscarello v. United States*, 524 U.S. 125, 138, 118 S.Ct. 1911, 141 L.Ed.2d 111 (1998) (internal quotations omitted). As *Mackey* establishes, we do not need to guess at what Congress meant by "in furtherance of," and therefore Helton's claim must fail.

■ Helton next claims that Count Six must be dismissed because the evidence does not support a § 924(c) violation. In the trial court, Helton argued only that the version of the statute under which he was indicted was vague and overbroad, violated the Second Amendment, and was subject to the rule of lenity. He made no challenge to the facts on which the § 924(c) charge was predicated, and indeed, his plea of guilty–albeit a conditional guilty plea–foreclosed his right to deny the facts

on which the charge is predicated, inasmuch as a conditional guilty plea reserves only the right to appeal adverse determinations of "specified pretrial motion[s]." *See U.S. v. Bahhur,* 200 F.3d 917, 923 (6th Cir.2000) ("The term 'specified pre-trial motion' incorporates all questions that are collateral to a determination of guilt or innocence.") (quoting *United States v. Pickett,* 941 F.2d 411, 416 (6th Cir.1991) (referring to the Notes of the Advisory Committee on Rules for the 1983 Amendments to Rule 11(a), reprinted in 18 U.S.C. Rules 1–11 at 359)).

Before us, however, Helton not only challenges the sufficiency of the evidence to support the § 924(c) count, he flatly misstates the charge contained in that count. According to Helton, Count Six charges him with using the gun in furtherance of the attempted narcotics sale at the restaurant where he was arrested, and because the gun was not anywhere near the restaurant and was not used in any way in connection with that attempted sale, there is no evidence to support the charge. But Count Six charges Helton with knowingly possessing the handgun– the same gun that was found in the safe in his residence–in furtherance of the offenses charged in Counts Three, Four and Five of the indictment–possession of various controlled substances with the intent to distribute them. It is not necessary for Helton to have been convicted of the drug trafficking offense on which a § 924(c) charge is predicated. *United States v. Ospina,* 18 F.3d 1332, 1336 (6th Cir.1994) ("To establish the required predicate, the fact of the offense rather than a conviction is all that is necessary.") Helton's conditional guilty plea did not preserve any right to challenge the facts on which the charge is predicated. Even if he could challenge those facts, we have no difficulty in holding that the evidence in this case amply supports the § 924(c) charge. This claim is wholly meritless.

Finally, Helton urges us to adopt the reasoning of the Fifth Circuit's opinion in *Emerson,* and to hold that § 924(c) unduly infringes on Second Amendment rights. *Emerson,* of course, is not binding on this court, and, in any event, we note that it contemplates that Second Amendment rights may be subject to "limited, narrowly tailored specific exceptions or restrictions for particular cases that are reasonable and not inconsistent with the right of Americans generally to individually keep and bear their private arms as historically understood in this country." *Emerson,* 270 F.3d at 261. Because we agree with the district court that § 924(c) constitutes just such a reasonable limitation, Helton's Second Amendment claim must fail.

### III.

For the foregoing reasons, the judgment of the district court is AFFIRMED.