**Sherman MYERS, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

No. 98–3805.

United States Court of Appeals, Sixth Circuit.

Argued Oct. 25, 1999.

Decided Dec. 2, 1999.

Paul Mancino, Jr. (argued and briefed), Mancino, Mancino & Mancino, Cleveland, Ohio, for Appellant.

Christa D. Brunst (argued and briefed), Office of the U.S. Attorney, Cleveland, Ohio, for Appellee.

Before: JONES, MOORE, and GILMAN, Circuit Judges.

## OPINION

GILMAN, Circuit Judge.

Sherman Myers was indicted on the charge of being a felon in possession of firearms in violation of 18 U.S.C. § 922(g). Prior to trial, he sought to stipulate that he had prior felony convictions, which he was willing to do in order to prevent the government from revealing the nature of these earlier crimes to the jury. After the district court denied his request, Myers and the government stipulated that the felonies identified in the indictment were accurate. The jury was thereafter informed of their nature.

Myers was convicted in July of 1995 and later sentenced by the district court to fifty-one months of imprisonment. All of Myers's arguments on direct appeal were rejected by a prior panel of this court. Myers subsequently filed a petition pursuant to 28 U.S.C. § 2255, requesting the district court to vacate his conviction on the basis that the holding in *Old Chief v. United States*, 519 U.S. 172, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997), established the district court's error in allowing the gov-

ernment to decline Myers's initial proposal to stipulate to his prior felony convictions. The district court denied the petition.

In his present appeal, Myers argues that (1) the district court erred by failing to properly apply the Supreme Court's decision in *Old Chief* and (2) he was improperly questioned regarding several matters during the course of his trial. For the reasons set forth below, we AFFIRM the district court's judgment.

## I. BACKGROUND

On February 27, 1995, a grand jury indicted Myers for being a felon in possession of firearms in violation of 18 U.S.C. § 922(g). The indictment alleged that Myers had been convicted of multiple state felonies, including robbery and drug abuse, at the time that he possessed the weapons. Prior to trial, Myers requested that the district court prevent the government from offering evidence concerning the nature of his predicate offenses. His motion *in limine* stated in part as follows:

Defendant moves that the government be prohibited from mentioning or stating the nature of the offenses. Defendant would stipulate that he has such the [sic] prior conviction. This would prevent the government from unduly emphasizing the nature of the prior convictions. It is only the fact that the [sic] prior convictions that is relevant in these proceedings and not [the] nature of the crime.

The government notified the district court that it "respectfully declines the Defendant's offer," asserting that Sixth Circuit precedent did not require it to stipulate to the existence of the underlying felonies. Without issuing a written order, the district court denied Myers's motion. Presumably to avoid a full presentation of evidence regarding his prior felonies, Myers eventually agreed to a stipulation drafted by the government, which included a description of these offenses.

On July 28, 1995, Myers was convicted by a jury and later sentenced to fifty-one months of imprisonment. Myers appealed his conviction to this court, asserting ten claims of error with regard to his arrest and trial. Finding all claims to be meritless, this court affirmed his conviction. *See United States v. Myers*, 1997 WL 428960 (6th Cir. July 29, 1997), *cert. denied*, 522 U.S. 1062, 118 S.Ct. 725, 139 L.Ed.2d 663 (1998).

On March 12, 1998, Myers filed a petition pursuant to 28 U.S.C. § 2255, requesting that the district court vacate his conviction on the following grounds:

Petitioner was tried for being a felon in possession of a weapon. Petitioner filed a motion in limine in preventing the government from advising the jury as to the nature of the felony convictions alleged in petitioner's indictment. This motion was denied. As a result of this the jury was fully informed as to the nature of the offenses for which petitioner was convicted. After petitioner's trial the Supreme Court in *Old Chief v. United States*, 519 U.S. 172, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997)[,] stated that petitioner was entitled to have the nature of the offenses excluded from the jury. This changed the law in the Sixth Circuit with reference to this issue. Petitioner is entitled to a new trial.

*Old Chief* was decided on January 7, 1997, six months before Myers's conviction was affirmed on direct appeal. In an opinion and order dated June 30, 1998, the district court denied Myers relief, reasoning that the rule in *Old Chief* was inapplicable to his case because, unlike the situation in *Old Chief*, the government did in fact agree to stipulate to the existence of Myers's predicate felonies, albeit on its own terms.

Myers sets forth two unrelated arguments in his appeal. First, he contends that, in denying his § 2255 petition, the district court erred by failing to properly apply the Supreme Court's decision in *Old Chief*. Second, Myers argues that he was improperly questioned regarding several matters during the course of his trial.

## II. ANALYSIS

### A. Standard of review

"In reviewing the denial of a 28 U.S.C. § 2255 petition, this Court applies a de novo standard of review of the legal issues and will uphold the factual findings of the district court unless they are clearly erroneous." *Hilliard v. United States*, 157 F.3d 444, 447 (6th Cir.1998).

### B. Myers is entitled to rely on Old Chief because his conviction was not yet final when that decision was rendered

Myers first argues that, in denying his § 2255 petition, the district court erred by failing to properly apply the Supreme Court's decision in *Old Chief.* In that case, the Supreme Court held that where the "name and nature of the prior offense raises the risk of a verdict tainted by improper considerations, and when the purpose of the evidence is solely to provide the element of the prior conviction," a district court abuses its discretion by rejecting a defendant's offer to stipulate to the existence of the predicate offense. *Old Chief*, 519 U.S. at 174, 117 S.Ct. 644. In the present case, the district court rejected Myers's offer to stipulate, which was set forth in his motion *in limine.* Based upon these facts, Myers argues that the district court erred as follows:

> Petitioner's eventual stipulations identified not only the conviction but the nature of the conviction, the evil which *Old Chief* sought to eliminate.... Petitioner had no choice but to attempt to do this rather than just inform the jury that petitioner had been convicted without identifying the nature of the offense.

█ In response to Myers's argument, the government cites *In re Green*, 144 F.3d 384 (6th Cir.1998), in which this court held that *Old Chief* announced a "new rule" of criminal procedure and, therefore, may not be invoked on collateral review. *See id.* at 386–87. Such new rules, however, are unavailable only to those defendants whose convictions became final before the rule was announced. *See id.* at 386 ("[I]f a decision announces a 'new rule' of criminal procedure, it is not to be applied retroactively to convictions that have already become final when the decision is announced, unless the new rule falls within one of two narrow exceptions."). A conviction becomes final when "the judgment of conviction was rendered, the availability of appeal exhausted, and the time for petition for certiorari ha[s] elapsed...." *Allen v. Hardy*, 478 U.S. 255, 258 n. 1, 106 S.Ct. 2878, 92 L.Ed.2d 199 (1986) (internal quotations omitted). Therefore, because Myers's direct appeal was pending when *Old Chief* was decided, he is not procedurally barred from now relying on that case in support of his § 2255 petition.

### C. The district court erred in allowing the government to reject Myers's initial stipulation offer

█ As noted previously, the Supreme Court in *Old Chief* held that a district court abuses its discretion in § 922(g) cases when it rejects a defendant's offer to stipulate to the simple existence of prior felony convictions. *Old Chief*, 519 U.S. at 174, 117 S.Ct. 644. Applying *Old Chief* to this case, it is clear that the district court erred when it allowed the government to decline Myers's initial offer to so stipulate.

In rejecting Myers's § 2255 petition, the district court reasoned that Old Chief was not implicated because, unlike the prosecutors in *Old Chief*, the government attorneys in Myers's case eventually agreed to a stipulation regarding the prior felonies. The *Old Chief* holding, however, is based on the theory that "evidence of the name and nature of the prior offense generally carries a risk of unfair prejudice to the defendant." *Old Chief*, 519 U.S. at 185, 117 S.Ct. 644. Because the stipulation demanded by the government in this case included the name and nature of the predicate offenses, it did not cure the evil that *Old Chief* seeks to avoid. Accordingly, we find the district court's rationale in distinguishing *Old Chief* to be unpersuasive.

**D. The error by the district court with respect to the tendered stipulation of Myers's prior convictions was harmless**

■ Despite the district court's error in rejecting Myers's initial offer to stipulate to the simple fact that he had prior felony convictions, Myers's instant conviction does not warrant reversal. This court has held that errors engendered by the failure to apply *Old Chief* are subject to harmless error analysis. *See United States v. Daniel*, 134 F.3d 1259, 1262–63 (6th Cir.), *cert. denied*, —— U.S. ——, ——, 119 S.Ct. 83, 142 L.Ed.2d 65 (1998) ("[I]t is well settled that an error which is not of constitutional dimension is harmless 'unless it is more probable than not that the error materially affected the verdict.' "(citation omitted)); *see also Dunnigan v. Keane*, 137 F.3d 117, 125 (2d Cir.), *cert. denied*, —— U.S. ——, ——, 119 S.Ct. 101, 142 L.Ed.2d 81 (1998) ("[N]ot all erroneous admissions of [unfairly prejudicial] evidence are errors of constitutional dimension. The introduction of improper evidence against a defendant does not amount to a violation of due process unless the evidence 'is so extremely unfair that its admission violates fundamental conceptions of justice.'" (citation omitted)).

The evidence at trial clearly established that the guns at issue were in Myers's possession at the time they were recovered by the police. Specifically, a police officer testified that Myers—during the execution of a search warrant seeking evidence of drug trafficking—said that he "didn't want his wife going to jail for his guns." In response to further police inquiry, Myers stated that he had recently placed two guns on the bed in an upstairs room of the unit being searched. The police found the guns where he said they were placed. Although Myers denied making the incriminating remarks, the jury was entitled to credit the testimony of the officer. In light of this evidence, we find it more probable than not that the jury still would have found that Myers knowingly possessed the weapons in question, even without knowledge of the nature of Myers's prior convictions. *See Daniel*, 134 F.3d at 1263–65 (holding that when the defendant was present at the time the weapons were seized, and where the defendant made incriminating statements to the police officers present, the district court's *Old Chief* error in refusing to allow the defendant to stipulate to the nature of his prior convictions was harmless).

■ In an attempt to persuade us that the *Old Chief* error was not harmless, Myers contends that, but for the stipulation he was forced to enter into, he would not have taken the stand and subjected himself to cross-examination. A panel of this court has already concluded, however, that the questions asked of Myers during cross-examination—which, as discussed below, appear to form the basis of his additional claims—were not improper. *See Myers*, 1997 WL 428960, at *3–4. Moreover, in light of the evidence referred to in the preceding paragraph, we find it more probable than not that the jury would have found that Myers knowingly possessed the weapons, even if he had not felt compelled to take the stand due to the district court's *Old Chief* error. We therefore conclude that the error was harmless.

**E. This court lacks jurisdiction to review Myers's remaining claims**

■■ To the extent that Myers is attempting to further argue that the district court erred by permitting the government to question him regarding (1) the credibility of a particular government witness, (2) the filing of his income tax returns, (3) a probation report prepared in connection with his case, and (4) various "legal issues and irrelevant matters," such an argument must fail because each of the claims was raised and duly rejected in Myers's direct appeal. In addition, none of the alleged errors was identified in his § 2255 petition filed with the district court.

Such claims, therefore, may not be addressed in his present appeal. *See DuPont v. United States*, 76 F.3d 108, 110–11

(6th Cir.1996) (holding that because a claim asserted in a § 2255 petition was substantially identical to an issue presented on direct appeal, and because there were no exceptional circumstances, the district court properly denied the petition); *United States v. Johnson,* 988 F.2d 941, 945 (9th Cir.1993) (declining to address the defendant's argument on appeal because he failed to include it in his § 2255 petition to the district court, and the district court did not address it).

## III. CONCLUSION

For all of the reasons set forth above, we AFFIRM the judgment of the district court.