Eric **WHITENER** (00–6380), Cecil **Jackson** (00–6394), Petitioners–Appellants,

v.

George **SNYDER**, Warden, Respondent–Appellee.

No. 00–6380, 00–6394.

United States Court of Appeals, Sixth Circuit.

Sept. 24, 2001.

Before RYAN and COLE, Circuit Judges; WILLIAMS, District Judge.*

Eric Whitener and Cecil Jackson, pro se federal prisoners, appeal from district court orders denying their petitions for writs of habeas corpus. *See* 28 U.S.C. § 2241. The cases have been consolidated on appeal. These cases have been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1990, Whitener and Jackson were convicted of various drug-related offenses including a continuing criminal enterprise charge. Their convictions were affirmed on appeal, and all of the petitioners' post-conviction relief efforts have failed. In their current petitions, they claim that the Supreme Court case of *Richardson v. United States,* 526 U.S. 813, 119 S.Ct. 1707, 143 L.Ed.2d 985 (1999), invalidates their continuing criminal enterprise convictions. The district court denied the petitions, concluding that a *Richardson* claim does not create an exception under the savings clause of 28 U.S.C. § 2255.

On appeal, the petitioners argue that the exception under the savings clause applies to claims that do not raise the issue of actual innocence, citing *Hernandez v. Campbell,* 204 F.3d 861, 866 n. 7 (9th Cir.2000). However, it is clear in this circuit that the only exception this court may recognize must be based on actual innocence. *See Charles v. Chandler,* 180 F.3d 753, 757 (6th Cir.1999). We note that the Fifth Circuit has held that a *Richard-*

* The Honorable Glen M. Williams, United States District Judge for the Western District of Virginia, sitting by designation.

*son* claim is not the type of defect that can support a § 2241 claim under the savings clause of § 2255. *Jeffers v. Chandler*, 253 F.3d 827, 831 (5th Cir.2001).

Even assuming that a *Richardson* issue can state a claim of actual innocence, the petitioners have not made such a showing. On the direct appeal of the petitioners' convictions, the Fourth Circuit concluded that testimony relating to the drug conspiracy showed that Whitener and Jackson committed numerous drug offenses during the course of the conspiracy. *United States v. Jackson*, Nos. 90–5918, etc., 1992 WL 4248, at *2 (4th Cir. Jan.14, 1992) (unpub.opinion). It is proper for a federal court in a post-conviction proceeding to rely on the factual conclusions given on direct appeal. *Myers v. United States*, 198 F.3d 615, 619 (6th Cir.1999). The petitioners have made no showing that they can challenge any of the individual violations constituting the continuing criminal enterprise charge. *See* 21 U.S.C. § 848(c)(2). At most they have shown legal insufficiency, not the factual innocence necessary to raise a § 2241 claim under § 2255's savings clause. *See Charles*, 180 F.3d at 757.

The orders of the district court are affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.