**Ellowood Eugene BENNETT,**
**Petitioner–Appellant,**

v.

**John LAMANNA, Warden,**
**Respondent–Appellee.**

Nos. 01–3264, 01–3602.

United States Court of Appeals,
Sixth Circuit.

Oct. 26, 2001.

Before NELSON, CLAY, and GARWOOD,* Circuit Judges.

### ORDER

Ellowood Eugene Bennett, a pro se federal prisoner, appeals from a district court order denying his petition for a writ of habeas corpus. See 28 U.S.C. § 2241. He also appeals from a district court order denying him bail pending consideration of the petition. These appeals have been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On March 25, 1991, a jury convicted Bennett of multiple counts of RICO and other violations relating to an arson ring. See 18 U.S.C. §§ 1341, 1510, 1952(a)(2), and 1962(c),(d). He was sentenced to 262 months in prison. His convictions were

---

* The Honorable Will L. Garwood, United States Circuit Judge for the Fifth Circuit, sitting by designation.

affirmed on appeal. See *United States v. Bennett*, 984 F.2d 597 (4th Cir.1993). His subsequent efforts at post-conviction relief were denied.

In his present § 2241 petition, Bennett claims that all the counts related to the arson of his property called the "Woodford" property are invalid based on the Supreme Court's decision in *Jones v. United States*, 529 U.S. 848, 120 S.Ct. 1904, 146 L.Ed.2d 902 (2000). The district court dismissed the petition on the ground that the Woodford property was rental property that satisfied the requirement that the arson affect interstate commerce. During the proceedings, Bennett moved for bail pending a decision, and the district court denied the motion.

### Motion for Bail (No. 01–3264)

In order to receive bail pending a decision during a habeas corpus proceeding, a prisoner must show a substantial claim of law based on the facts surrounding the petition and also the existence of some exceptional circumstance deserving of special treatment in the interests of justice. *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990). For the reasons stated in the following section of this order, Bennett has not shown the existence of a substantial claim of law. Nor has he shown any exceptional circumstances. Therefore, the district court properly denied the motion.

### Habeas Corpus Petition (No. 01–3602)

In order to be entitled to relief under § 2241, a federal prisoner must show that his case falls under the "savings clause" of § 2255. See 28 U.S.C. § 2255, 5th ¶ ("inadequate or ineffective" remedy), *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999). The only exception that this court may choose to recognize must be based on a showing of actual innocence. *Charles*, 180 F.3d at 757. A petitioner must show

factual innocence, not mere legal insufficiency, to raise such a claim. *Id.*

On direct appeal, the Fourth Circuit noted one witness's testimony that Bennett stated his Woodford property would be good property to burn because rental property brings more insurance proceeds. *Bennett*, 984 F.2d at 602. It is proper for a federal court in post-conviction relief proceedings to rely on the factual conclusions given on direct appeal. *Myers v. United States*, 198 F.3d 615, 619 (6th Cir. 1999). Because Bennett admitted and the Fourth Circuit concluded that the property in question was rental property, Bennett cannot state a § 2241 claim based on the *Jones* case. He has not made a showing of actual innocence.

The orders of the district court are affirmed under Rule 34(j)(2)(C), Rules of the Sixth Circuit.