**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 07-4840**

─────────────

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

    v.

KENNETH WAYNE GRAGG,

               Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Richard L. Voorhees, District Judge. (5:05-cr-00220-RLV)

─────────────

Submitted: September 10, 2008    Decided: September 26, 2008

─────────────

Before WILKINSON, MOTZ, and DUNCAN, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Claire J. Rauscher, Executive Director, Ross Richardson, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, Charlotte, North Carolina; Matthew T. Martens, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

On July 25, 2005, Kenneth Wayne Gragg was charged in a four count indictment. Counts One and Two charged Gragg with possession of methamphetamine with intent to distribute, in violation of 21 U.S.C.A. § 841(b) (West 2000 & Supp. 2008). Count Three charged Gragg with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g) (2000). Finally, Count Four charged Gragg with knowingly and unlawfully using and carrying a firearm during and in relation to a drug trafficking crime and possessing a firearm in furtherance of a drug trafficking crime. On July 25, 2005, the Government also filed a notice of intent to seek enhanced penalties pursuant to 21 U.S.C. § 851 (2000).

On the day of trial, Gragg pled guilty, without the benefit of a plea agreement, to Counts One, Two, and Three. Gragg then proceeded to trial on Count Four. At the conclusion of the evidence, the jury found Gragg guilty of Count Four. Five months after his trial, Gragg filed a pro se motion to withdraw his guilty pleas. Following a hearing on Gragg's motion, the district court denied the motion and imposed sentence on Gragg. Gragg timely noted his appeal. We affirm the judgment of the district court.

On appeal, Gragg first contends that the theory of constructive possession cannot sustain a § 924(c) conviction, and therefore, the district court erred in instructing the jury that, to convict him of the § 924(c) charge, the jury could find that he

2

constructively possessed a .22 caliber handgun.  Gragg failed to object to the instruction in the district court.  Accordingly, his claim is reviewed only for plain error.  <u>United States v. Hastings</u>, 134 F.3d 235, 259 (4th Cir. 1998).  Plain error review requires the defendant establish that: (1) there was error; (2) the error was "plain;" and (3) the error affected the defendant's substantial rights.  <u>United States v. Olano</u>, 507 U.S. 725, 732 (1993).  The term "plain" is "synonymous with 'clear' or, equivalently, 'obvious'."  <u>Id.</u> at 734.  "At a minimum, the Court of Appeals cannot correct an error pursuant to Rule 52(b) unless the error *is clear under current law*."  <u>United States v. Brewer</u>, 1 F.3d 1430, 1435 (4th Cir. 1993) (quoting <u>Olano</u>, 507 U.S. at 734) (emphasis in the original)).  Even if the defendant makes this required showing, "Rule 52(b) leaves the decision to correct the forfeited error within the sound discretion of the court of appeals, and the court should not exercise that discretion unless the error seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings."  <u>Olano</u>, 507 U.S. at 732 (quoting <u>United States v. Young</u>, 470 U.S. 1, 15 (1985) (internal quotations omitted)).

Four of our sister circuits have determined that a § 924(c) conviction for possession of a firearm during and in relation to a drug trafficking crime may be sustained under a constructive possession theory.  <u>United States v. Maldonado-Garcia</u>, 446 F.3d 227, 231 (1st Cir. 2006); <u>United States v. Booker</u>, 436

3

F.3d 238, 241 (D.C. Cir. 2006); <u>United States v. Lott</u>, 310 F.3d 1231, 1247 (10th Cir. 2002); <u>United States v. Mackey</u>, 265 F.3d 457, 460 (6th Cir. 2001). Moreover, Gragg fails to cite a single case that holds constructive possession may not be used to support a conviction under the possession, as opposed to the use or carry, prong of § 924(c). See <u>United States v. Green</u>, 254 F.3d 167, 170 (D.C. Cir. 2001). Accordingly, Gragg fails to show that any error by the district court in instructing the jury was clear under current law, and his first claim is without merit.

Gragg next contends that the district court erred because its instructions to the jury constructively amended the indictment. The indictment charged Gragg with using *and* carrying *and* possessing a firearm in violation of § 924(c); however, the district court instructed the jury that Gragg could be convicted under § 924(c) if he used *or* carried *or* possessed the firearm. It is well settled that this type of disjunctive instruction and constructive charge is appropriate where, as in this case, the statute at issue is phrased disjunctively. See <u>United States v. Montgomery</u>, 262 F.3d 233, 242 (4th Cir. 2002). Hence, we reject Gragg's contention.

Finally, Gragg contends that the district court abused its discretion in denying his motion to withdraw his guilty pleas. A defendant may withdraw a guilty plea before sentence is imposed if "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). Six factors to be

4

considered in granting or denying a motion to withdraw a guilty plea are:

> (1) whether the defendant has offered credible evidence that his plea was not knowing and voluntary, (2) whether the defendant has credibly asserted his legal innocence, (3) whether there has been a delay between the entering of the plea and the filing of the motion, (4) whether defendant has had close assistance of competent counsel, (5) whether withdrawal will cause prejudice to the government, and (6) whether it will inconvenience the court and waste judicial resources.

United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991).

The record reveals that the district court considered the factors delineated in Moore and, contrary to Gragg's contention, did not abuse its discretion by denying his motion. Accordingly, we affirm the judgment of the district court. We dispense with oral argument as the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5