RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2001 FED App. 0319P (6th Cir.)
File Name: 01a0319p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

UNITED STATES OF AMERICA,
　　　*Plaintiff-Appellee,*

　　　*v.*

PIERRE S. MACKEY,
　　　*Defendant-Appellant.*

No. 00-5666

Appeal from the United States District Court
for the Western District of Tennessee at Jackson.
No. 99-10051—James D. Todd, Chief District Judge.

Argued: June 13, 2001

Decided and Filed: September 12, 2001

Before: MARTIN, Chief Judge; NORRIS, Circuit Judge;
QUIST, District Judge.[*]

---

## COUNSEL

**ARGUED:** Stephen B. Shankman, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Memphis, Tennessee, for Appellant. Richard Leigh Grinalds, ASSISTANT UNITED

---

[*] The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation.

1

STATES ATTORNEY, Jackson, Tennessee, for Appellee.
**ON BRIEF:** Stephen B. Shankman, OFFICE OF THE
FEDERAL PUBLIC DEFENDER, Memphis, Tennessee, for
Appellant. Richard Leigh Grinalds, ASSISTANT UNITED
STATES ATTORNEY, Jackson, Tennessee, for Appellee.

———————

## OPINION

———————

ALAN E. NORRIS, Circuit Judge. Pierre Mackey appeals
his conviction for possession of a controlled substance with
intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and
possession of a firearm in furtherance of a drug felony, in
violation of 18 U.S.C. § 924(c).

### I.

In May 1999, police in Huntingdon, Tennessee, received a
tip from a confidential informant about two men selling crack
cocaine from a particular house. The police arranged to have
another confidential informant buy crack at the house on May
13, 1999, and a search warrant was subsequently authorized
for the house. The following day, when the police pulled up
to the house to execute the warrant, one man ran inside, and
the officers chased him into the house. Police found
defendant Pierre Mackey and two other individuals in the area
between the living room and the dining room and took them
outside. Outside the residence, officers observed defendant
with a brown paper sack, which he dropped. The sack
contained 2.3 grams of crack. Defendant also had $855 in
cash and a pager. Police found another brown bag containing
1.7 grams of crack on the ground near the house. Officers
then searched the house and found a loaded short-barreled
shotgun in the living room as well as a scanner, electronic
scales, and razor blades. The house did not appear to function
as a residence: there were no implements, food, or other signs
of use in the kitchen or bathroom, no furniture in the bedroom
or the rest of the house aside from in the living room, and no

the cocaine. Defendant claims that the government produced little evidence of his intent to distribute, so the potential implication that he had sold cocaine the day before was not harmless error—the conviction of possession with intent to distribute rested upon this implication. We disagree. There was no clear abuse of discretion in finding that the probative value of the stipulation outweighed the potential prejudice. Moreover, even if there was an error, it was harmless in light of the other evidence. The unchallenged testimony about a controlled buy helped establish the house as a crack house, and a reasonable juror could conclude that defendant's 2.3 grams of crack were for resale and not for personal use. The stipulation therefore did not materially affect the verdict.

### III.

For the foregoing reasons, we **affirm** defendant's conviction.

clothes. The front door was barricaded, as is typical in a crack house, according to testimony.

After a jury trial, defendant was convicted of possession of cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), possession of a firearm in furtherance of a drug crime, in violation of 18 U.S.C. § 924(c), being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g), possession of an unregistered short-barreled shotgun, in violation of 26 U.S.C. §§ 5841 and 5861(d), and aiding and abetting in the drug and firearms offenses, in violation of 18 U.S.C. § 2. The jury acquitted defendant, and a co-defendant named Dwight Champion, of conspiracy to distribute a controlled substance, in violation of 21 U.S.C. § 846. Defendant appeals the sufficiency of the evidence supporting his convictions for possession of cocaine base with intent to distribute and possession of a firearm in furtherance of a drug trafficking crime. He also argues that the district court erred in allowing a stipulation by the government.

### II.

*A.    Sufficiency of the Evidence Supporting the 21 U.S.C. § 841 Conviction*

Defendant argues that he possessed the cocaine for personal use and there was insufficient evidence of his intent to distribute. We review claims of insufficient evidence to determine "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

Section 841(a)(1) provides that it is unlawful for any person knowingly or intentionally to "manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance." 21 U.S.C. § 841(a)(1). To establish a violation of § 841(a)(1), the government must prove the following elements: "(1) knowing (2) possession of a controlled substance (3) with intent to distribute." *United*

*States v. Christian*, 786 F.2d 203, 210 (6th Cir. 1986) (citation omitted).  Circumstantial evidence alone can be sufficient to sustain a conviction. *United States v. Clark*, 928 F.2d 733, 736 (6th Cir. 1991).

The government introduced evidence that defendant possessed 2.3 grams of crack cocaine at a house that he had rented for cash two weeks prior to the search, and 1.7 more grams were on the ground outside the house.  There was testimony that 2.3 grams would not likely be a personal use amount; a witness stated that dealers usually sell a "rock" of about 0.2 grams to users.  Circumstantial evidence, including razor blades, scales, a scanner, a sawed-off shotgun, and a barricaded door, indicated that the house was not a residence but a crack house used for drug trafficking.  The day before the search, an informant purchased crack from a man in front of the house, which was in a neighborhood frequented by drug dealers.  Defendant had $855 in cash and a pager when he was searched.  Based on this evidence, a rational juror could find beyond a reasonable doubt that defendant knowingly possessed crack with an intent to distribute it.

### B.  Sufficiency of the Evidence Supporting the 18 U.S.C. § 924(c) Conviction

Defendant challenges the sufficiency of the evidence supporting his conviction for possessing a firearm in furtherance of a drug trafficking crime.  To the extent that the question turns on statutory interpretation, rather than on the sufficiency of the evidence, we review the issue de novo. *United States v. Choice*, 201 F.3d 837, 840 (6th Cir. 2000). Section 924(c) provides in relevant part:

> any person who, during and in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime—

### C.  Admission of Stipulation

Defendant contests the trial court's admission of a stipulation by the government.  We will not disturb a trial court's determination on the admissibility and relevancy of evidence absent a clear abuse of discretion. *United States v. Seago*, 930 F.2d 482, 494 (6th Cir. 1991).  We have held that an error with respect to the admission of evidence is subject to harmless error analysis, *United States v. Daniel*, 134 F.3d 1259, 1262 (6th Cir. 1998), and it is well settled that an error that is not of constitutional dimension is harmless "unless it is more probable than not that the error materially affected the verdict." *United States v. Martin*, 897 F.2d 1368, 1372 (6th Cir. 1990) (citation omitted).

The government introduced testimony by a police officer that a confidential informant purchased cocaine in front of the house where defendant was found the next day.  The purpose was to show that the house was a crack house and therefore the cocaine possessed by defendant and his co-defendant was for distribution.  The counsel for the co-defendant Champion asked to question the confidential informant; to protect the informant's identity and avoid calling him to testify, the government agreed to stipulate that the informant did not purchase the cocaine from Champion.  Defendant did not object to the general testimony about the controlled buy, but he objected to the stipulation because he claimed it would imply that the informant purchased the cocaine from him. The court overruled the objection.

Under Federal Rule of Evidence 403, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." FED. R. EVID. 403. The government asserts that because there was testimony about others present in the house when the search warrant was executed, the stipulation did not prejudice defendant because the implication was not necessarily that defendant had sold

H.R. REP. NO. 105-344, 1997 WL 668339, at *12. In light of Congress' intent that "in furtherance of" be a more stringent requirement than "during and in relation to," we emphasize that the possession of a firearm on the same premises as a drug transaction would not, without a showing of a connection between the two, sustain a § 924(c) conviction. In order for the possession to be in furtherance of a drug crime, the firearm must be strategically located so that it is quickly and easily available for use. *See United States v. Feliz-Cordero*, 859 F.2d 250, 254 (2d Cir. 1988) (stating that a gun in a dresser drawer with drugs in the bedroom did not constitute "use" under § 924 because the evidence was insufficient to show the gun was "strategically located so as to be quickly and easily available for use during such a transaction"), *overruled by Bailey*, 516 U.S. 137. Other factors that may be relevant to a determination of whether the weapon was possessed in furtherance of the crime include whether the gun was loaded, the type of weapon, the legality of its possession, the type of drug activity conducted, and the time and circumstances under which the firearm was found. *See United States v. Ceballos-Torres*, 218 F.3d 409, 414-15 (5th Cir. 2000) (suggesting consideration of these factors to determine possession in furtherance of a drug crime). The list of factors is not exclusive, but it helps to distinguish possession in furtherance of a crime from innocent possession of a wall-mounted antique or an unloaded hunting rifle locked in a cupboard.

In the instant case, there was an illegally possessed, loaded, short-barreled shotgun in the living room of the crack house, easily accessible to the defendant and located near the scales and razor blades. Defendant, stopped by police near the gun, possessed cocaine and a large sum of cash. From the evidence presented, a reasonable jury could infer that the purpose of the firearm was to provide defense or deterrence in furtherance of the drug trafficking for which defendant was arrested.

(i) be sentenced to a term of imprisonment of not less than 5 years[.]

18 U.S.C. § 924(c).

In this case, defendant contends that the government failed to prove the underlying drug offense, so he could not have possessed the gun in furtherance of that offense. Because, as discussed above, we conclude that the evidence is sufficient to support defendant's § 841 conviction, this argument is without merit.

Defendant concedes that he constructively possessed the gun, but he claims that there was no evidence that the possession was "in furtherance of" the drug crime. We are confronted with the question of what "in furtherance of" means in the statute. The term "furtherance" should be understood in its ordinary or natural meaning, which, according to the dictionary, is "a helping forward: advancement, promotion." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY (1981). In other words, the weapon must promote or facilitate the crime.

The amendment history of § 924(c) "casts further light on Congress' intended meaning." *Bailey v. United States*, 516 U.S. 137, 147 (1995). The provision of § 924(c) that criminalizes "possession" of a gun "in furtherance of" certain crimes was added by Congress in 1998 in response to the Supreme Court's decision in *Bailey*. That case concerned the prior version of the statute, which did not mention possession but criminalized using and carrying a firearm "during and in relation to" crimes of violence or drug offenses. 18 U.S.C. § 924(c)(1) (1994). The Court of Appeals for the District of Columbia Circuit had affirmed a conviction for "use" of a weapon "during and in relation to" a drug crime based on a gun locked in the trunk of defendant's car at the time of his arrest. *United States v. Bailey*, 36 F.3d 106 (D.C. Cir. 1994). The Supreme Court rejected such a broad interpretation of "use" and held that "use" required some active employment. *Bailey*, 516 U.S. at 144.

The legislative history of Congress' response to this decision indicates that Congress intended the "in furtherance of" limitation to be a higher standard than "during and in relation to," which continues to modify the use and carry prongs of the statute. As the Judiciary Committee acknowledged, though, the difference between the two standards is somewhat elusive:

> The Committee recognizes that the distinction between "in furtherance of" and "during and in relation to" is a subtle one, and may initially prove troublesome for prosecutors. Nevertheless, the Committee believes that "in furtherance of" is a slightly higher standard, and encompasses the "during and in relation to" language.
>
> . . . . The government must clearly show that a firearm was possessed to advance or promote the commission of the underlying offense. The mere presence of a firearm in an area where a criminal act occurs is not a sufficient basis for imposing this particular mandatory sentence. Rather, the government must illustrate through specific facts, which tie the defendant to the firearm, that the firearm was possessed to advance or promote the criminal activity.

H.R. REP. NO. 105-344 (1997), 1997 WL 668339, at *11-12 (footnotes omitted). *See also United States v. Iiland*, 254 F.3d 1264, 1274 (10th Cir. 2001) (explaining that "in furtherance of" is a higher standard than "during and in relation to").

In interpreting the meaning of "possession" of a weapon "in furtherance of" certain crimes, we may draw guidance from our previous cases interpreting the "use" of a firearm "during and in relation to" the crimes. Prior to *Bailey*, we adhered to a "fortress theory" of use, according to which,

> if it reasonably appears that the firearms found on the premises controlled or owned by a defendant and in his actual or constructive possession are to be used to protect the drugs or otherwise facilitate a drug transaction, then

such firearms are used "during and in relation to" a drug trafficking crime.

*United States v. Henry*, 878 F.2d 937, 944 (6th Cir. 1989) (affirming a § 924(c) conviction under the fortress theory when police found a pistol near cash in a farmhouse, a loaded rifle near dried marijuana, a marijuana crop outside the house, and an intercom system for monitoring the marijuana crop area), *overruled by Bailey*, 516 U.S. 137. Many of the "use" convictions under the fortress theory would qualify as possession under the current statute. The new amendment does not, however, cover all instances of possession of a firearm by a drug trafficker. By requiring that the possession be "in furtherance of" the crime, Congress intended a specific nexus between the gun and the crime charged. *See United States v. Finley*, 245 F.3d 199, 203 (2d Cir. 2001) ("the requirement in § 924(c)(1) that the gun be possessed in furtherance of a drug crime may be satisfied by a showing of some nexus between the firearm and the drug selling operation" (citation omitted)).

The Judiciary Committee Report provides an illustration of an insufficient nexus by referring to the *Bailey* case:

> The facts of the *Bailey* decision . . . provide a good example. The Committee believes that the evidence presented by the government in that case may not have been sufficient to sustain a conviction for possession of a firearm "in furtherance of" the commission of a drug trafficking offense. In that case, a prosecution expert testified at Mr. Bailey's trial that drug dealers frequently carry a firearm to protect themselves, as well as their drugs and money. Standing on its own, this evidence may be insufficient to meet the "in furtherance of" test. The government would have to show that the firearm located in the trunk of the car advanced or promoted Mr. Bailey's drug dealing activity. The Committee believes that one way to clearly satisfy the "in furtherance of" test would be additional witness testimony connecting Mr. Bailey more specifically with the firearm.