**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**David B. TUCKER Defendant–**
**Appellant.**

**No. 00–6317.**

United States Court of Appeals,
Sixth Circuit.

April 1, 2002.

Before MARTIN, Chief Circuit Judge; BOGGS, and DAUGHTREY, Circuit Judges.

PER CURIAM.

David B. Tucker appeals his conviction under 18 U.S.C. § 924(c) for possession of a firearm in furtherance of a drug trafficking crime. Because there was sufficient

evidence for the jury's finding, we affirm Tucker's conviction.

I.

On March 3, 2000, Special Agent James Lawson of the Tennessee Alcohol Beverage Commission and Officer Todd Bowman of the Lexington Police Department executed a search warrant at Tucker's mobile home in Beech Bluff, Tennessee. When Tucker answered the door, Agent Lawson noticed a shotgun leaning against the inside of the front door. Agent Lawson searched Tucker and found seven one-ounce baggies of marijuana in his front pants pocket along with $1,047 in his shirt pocket. The officers discovered additional marijuana on the premises and in total seized 2.2 kilograms pursuant to the search warrant.

In Tucker's presence, the officers searched Tucker's living room, which was furnished with a couch located approximately ten feet away from the front door. Underneath the couch the officers found four handguns—(1) a Ruger .44 Magnum revolver loaded with six rounds of ammunition and a box of matching ammunition; (2) a Colt Police Positive Special .32–.20 caliber revolver loaded with six rounds; (3) an FMJ .45 caliber single-shot pistol (not loaded); and (4) a Ruger P–90 .45 caliber pistol (not loaded). These guns were not visible until the officers lifted the fabric skirt at the bottom of the couch and looked underneath. According to Agent Lawson, the two loaded handguns, the Ruger .44 and Colt .32–.20, were located a few inches from the front edge of the couch. The unloaded handguns were located slightly further back towards the wall behind the couch. The officers also found $1,880 underneath the couch.

After a jury trial, Tucker was convicted of (1) possession of marijuana with intent to sell or deliver and (2) possession of a

firearm in furtherance of a drug trafficking crime with respect to the Ruger .44, Colt .32–.20 and the shotgun, a Harrington & Richardson .410 gauge.

## II.

■ The standard of review for a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *United States v. Jones,* 102 F.3d 804, 807 (6th Cir.1996).

On appeal, Tucker asserts that the jury did not have sufficient evidence to find that he possessed the Ruger .44, the Colt .32–.20 and the Harrington & Richardson .410 gauge, "in furtherance of" a drug trafficking crime within the meaning of 18 U.S.C. § 924(c)(1). In *United States v. Mackey,* 265 F.3d 457 (6th Cir.2001), we held that in order to satisfy the "in furtherance of" requirement, the firearm must be "strategically located so that it is quickly and easily available for use." *Id.* at 462 (citation omitted). We noted that in making this assessment, relevant factors might include "whether the gun was loaded, the type of weapon, the legality of its possession, the type of drug activity conducted, and the time and circumstances under which the firearm was found." *Id.* (citing *United States v. Ceballos–Torres,* 218 F.3d 409, 414–15 (5th Cir.2000)). In *Mackey,* we concluded there was sufficient evidence for a section 924(c) conviction because the firearm was an "illegally possessed, loaded, short-barreled shotgun in the living room of [a] crack house, easily accessible to the defendant and located near the scales and razor blades." *Id.*

■ Applying *Mackey* to the case at hand, a reasonable jury could have concluded that the Ruger .44 and the Colt .32–.20 were used in furtherance of Tucker's

drug offense because both were strategically located underneath the couch where Tucker could access them if he were either sitting or laying on the couch. Moreover, they were located near $1,880 in cash and ammunition for the Ruger .44, and both firearms were loaded.

A reasonable jury could also have concluded that the shotgun was positioned to provide defense or deterrence in furtherance of Tucker's drug offense. The shotgun was also easily accessible, particularly if Tucker was standing at the door, and it was visible from outside the door, where it could send a message of defense or deterrence.

For the foregoing reasons, we affirm Tucker's conviction.