**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**David Wayne PORTER, Defendant–
Appellant.**

No. 03–5350.

United States Court of Appeals,
Sixth Circuit.

May 24, 2004.

Terry J. Haycox, Asst. U.S. Attorney, U.S. Attorney's Office, Nashville, TN, for Plaintiff–Appellee.

Dale Quillen, Michael J. Flanagan, Nashville, TN, for Defendant–Appellant.

Before GUY and GILMAN, Circuit Judges; and BARZILAY, Judge.*

OPINION

BARZILAY, Judge.

Defendant–Appellant David Wayne Porter appeals his conviction for possession of a firearm in furtherance of a drug trafficking crime as well as the district court's denial of his motion to suppress evidence seized by LaVergne, Tennessee police during a search of his residence. For the reasons set forth below, we affirm both the conviction under 18 U.S.C. § 924(c) and the district court's denial of the motion to suppress.

## I. BACKGROUND.

Acting in an undercover capacity, a police lieutenant of the LaVergne Police Department obtained information that a local video store owner was being supplied with illegal narcotics for distribution from the Appellant. After corroborating this information with independent sources and confirming Porter's address, the lieutenant directed the preparation of an Affidavit and Search Warrant to search Porter's residence. Another LaVergne Police Department employee used a standard computerized form to type the information supplied, and because there was a concern that evidence could be destroyed, did so in an "urgent" manner. Although the person and place to be searched were correctly identified in both the affidavit and search warrant, the documents also contained a number of typographical errors, attributed to a failure to clear the computerized search form before entering the new information. At one place, the affidavit mistakenly referenced another individual's resi-

* The Honorable Judith M. Barzilay, Judge, United States Court of International Trade, sitting by designation.

dence and incorrectly referred to Porter's residence as a mobile home. Additionally, the search warrant exempted the officers from complying with the rule that they knock and announce their presence prior to entering the residence and executing the search warrant.

On Friday, December 3, 1999, the affidavit supporting the search warrant was presented to a judge of the Rutherford County Circuit Court, who issued the search warrant after finding facts sufficient to establish probable cause. Later that day, at about 5 p.m., at least five members of the LaVergne Police Department executed the search warrant. According to the government, these police officers approached the front door of Appellant's house. One of them, a Sgt. Watson, testified that he then knocked on the door and announced: "Police, search warrant." The government further maintains that the Appellant's future wife and later ex-wife, opened the door, at which time Sgt. Watson repeated: "Police, search warrant. Everybody down." Sgt. Watson testified that after entering the residence through the front door into the living room, he secured Appellant's wife and sat her on a couch.

A search of the house revealed that it contained three separate bedrooms. In a closet in the master bedroom, the officers found a safe which contained 330.5 MDMA pills, 60 gelatin squares of LSD, money and jewelry. In that same bedroom, under the mattress, police found a loaded Heckler & Koch .40 caliber semi-automatic pistol. In a closet in the hallway near another bedroom, the officers found another semi-automatic .40 caliber pistol. At trial it was revealed that ammunition was interchangeable between the two pistols. Down the hallway, in another closet, the officers found 9.3 pounds of marijuana. In addition, scales used for weighing drugs to be distributed were found at the residence.

At trial, Tony Porter, the brother of the Appellant, testified that he had been house-sitting for the Appellant when the search warrant was executed, and that he had been there since one week prior to the search. Tony Porter stated that the two guns confiscated during the search were his, and that he had brought them with him while he was staying at his brother's house in order to clean them, and for personal protection. Tony Porter further testified that he had placed the guns under the mattress and in the hallway closet, and that he had no knowledge of any controlled substances in his brother's home.

Porter argues that he was wrongfully convicted for violation of 18 U.S.C. § 924(c) and that the trial court wrongfully denied his motion to suppress all evidence obtained pursuant to a search warrant executed at his home.

## II. ANALYSIS.

### A. 18 U.S.C. § 924(c) Conviction

First, we address Porter's argument that insufficient evidence supported his firearms conviction for violating 18 U.S.C. § 924(c). This Court, in reviewing a claim of insufficient evidence, must examine the evidence most favorable to the United States and determine whether "any rational trier of fact could have found the elements of the offense beyond a reasonable doubt." *United States v. Davis*, 306 F.3d 398, 408 (6th Cir.2002) (internal quotations omitted). Section 924(c) provides:

> any person who, during and in relation to any crime of violence or drug trafficking crime ... for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, *in furtherance of any such crime, possesses a firearm*, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime—

(i) be sentenced to a term of imprisonment of not less than 5 years.

18 U.S.C. § 924(c)(1)(A) (emphasis added). In order to prove that a defendant has violated section 924(c), the United States must prove that the " 'firearm was possessed to advance or promote' " the commission of the underlying crime. *United States v. Mackey*, 265 F.3d 457, 461 (6th Cir.2001) (quoting H.R.Rep. No. 105–344 (1997), 1997 WL 668339, at *11–12). In other words, the United States must prove a "nexus between the gun and the crime charged." *Id.* at 462. Although possession of a firearm on the same premises as the drug trafficking crime alone is insufficient to support a conviction under section 924(c), a jury can reasonably infer such a nexus based upon the firearm's strategic location, whether the gun was loaded, the type of weapon, the legality of its possession, the type of drug activity conducted, and the time and circumstances under which the firearm was found. *Id.* at 462–63 (citations omitted).

In the case at bar, Porter does not contest that, at the time the search warrant was executed, he either possessed or constructively possessed the two handguns. Rather, he merely argues that they belonged to his brother, Tony Porter. At trial, the government established that the guns were found near large quantities of drugs and cash. One gun was found loaded under the mattress in the master bedroom. In a closet attached to this same room, the safe containing cash, MDMA, and LSD—valued at over $10,000—was found. The second gun was found in a closet in the same hallway as another closet containing 9.3 pounds of marijuana. Furthermore, testimony at trial established that ammunition was interchangeable between the two guns. Also, because Porter was a convicted felon at the time the search warrant was executed, his possession of the guns was illegal. Finally,

Porter was convicted of possession with intent to distribute all of the drugs found at his residence. Considering the foregoing, we agree that a rational trier of fact could conclude that the United States had proved a nexus between the gun and the drug trafficking crime beyond a reasonable doubt.

B. Denial of Motion to Suppress

 Next, we review Porter's claim that the trial court improperly dismissed his motion to suppress because the search warrant excused officers from the requirement that they knock and announce their presence before entering his residence.

We review the district court's findings of fact in a suppression hearing for clear error, while its conclusions of law are reviewed *de novo*. *United States v. Avery*, 137 F.3d 343, 348 (6th Cir.1997). Because we review the district court's findings of fact for clear error, the court's "factual findings will be overturned only if the reviewing court has the 'definite and firm conviction that a mistake has been committed.' " *United States v. Pinson*, 321 F.3d 558, 562 (6th Cir.2003) (quoting *United States v. Worley*, 193 F.3d 380, 384 (6th Cir.1999)). This Court has articulated the knock and announce rule as follows:

> Before the police execute a warrant they must identify themselves as police and indicate that they are present for the purpose of executing a search warrant. . . . Once having given the required notice, the officer must wait a reasonable period of time before he may break and enter into the premises to be searched.

*United States v. Spikes*, 158 F.3d 913, 925 (6th Cir.1998) (citations omitted). As a result of the rule, "[a]bsent certain exigent circumstances, it is unreasonable under the Fourth Amendment for an officer to

enter a dwelling without first knocking and announcing his presence and authority." *United States v. Dice,* 200 F.3d 978, 982 (6th Cir.2000). On appeal, Porter does not contest the district court's finding that the officers did in fact knock and announce their presence. Instead, Porter argues that the search warrant excused compliance with knock and announce requirements. From this, he argues further that the warrant is therefore violative of the Fourth Amendment. As the district judge found, however, the officers executing the search warrant actually complied with the requirements of the rule, knocking and announcing their presence prior to entering the premises. Once they knocked and announced, the officers fulfilled the requirements of the rule, which focuses on the actions of the officers rather than the contents of the warrant. *See, e.g., Wilson v. Arkansas,* 514 U.S. 927, 934, 115 S.Ct. 1914, 131 L.Ed.2d 976 (1995) ("We hold that in some circumstances an officer's unannounced entry into a home might be unreasonable under the Fourth Amendment. . . . This is not to say, of course, that every entry must be preceded by an announcement." (emphasis added)). Thus, their search of Porter's residence does not constitute a violation of the Fourth Amendment and the district court properly denied Porter's motion to suppress.

### III. CONCLUSION.

Accordingly, we **AFFIRM** both Porter's conviction for possession of a firearm in furtherance of a drug trafficking crime and the district court's denial of Porter's motion to suppress.