NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0081n.06
Filed: February 2, 2009

No. 06-5555

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| HENRY JORDAN, | ) | THE EASTERN DISTRICT OF |
| | ) | TENNESSEE |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

Before: MOORE, CLAY and KETHLEDGE, Circuit Judges.

KETHLEDGE, Circuit Judge. Defendant Henry Jordan appeals from his guilty plea to firearms and controlled-substance offenses. He argues that his plea lacked a factual basis as to one count, that his motion to suppress was erroneously denied, and that he was improperly designated an Armed Career Criminal. We affirm.

I.

On January 15, 2004, Rhea County, Tennessee, Sheriff's detectives executed a search warrant at Jordan's residence. Inside, they recovered eight firearms, seven of which were in close proximity to other items seized, including 7.7 pounds of marijuana, two sets of scales, plastic baggies, various containers of ammunition, brass knuckles, and $341.00 in cash.

Jordan was later indicted on charges of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count 1), and possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1) (Count 2). Jordan thereafter moved to suppress the evidence recovered from his residence, arguing that the search warrant's supporting affidavit failed to establish probable cause. The magistrate judge found that a totality-of-the-circumstances analysis supported probable cause. Jordan did not object to this finding; and on January 25, 2006, the district court adopted it and denied Jordan's motion to suppress.

On March 8, 2005, a superseding indictment charged Jordan with an additional count of possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count 3). Jordan pled guilty to all three counts on October 6, 2005. He objected only to one clause in the government's Factual Basis document: "Defendant possessed his firearms to protect himself *and his marijuana business*." (Emphasis added.) The district court accepted Jordan's plea.

Jordan's Presentence Investigation Report recommended that he be designated an Armed Career Criminal, triggering a 15-year mandatory minimum sentence as to Count 1. The district court determined Jordan's advisory Guidelines range to be 262-327 months. It then sentenced Jordan to 240 months, using the mandatory minimum sentences as to Counts 1 and 3. The court also imposed a 60-month sentence as to Count 2, to be served concurrently with Count 1's term.

This appeal followed.

II.

Jordan presents three arguments on appeal. First, he seeks to vacate his conviction as to Count 3 because he now says that the government presented insufficient evidence to support it. Every guilty plea must have a factual basis. Fed. R. Crim. P. 11(b)(3). Jordan contends there was not one for his plea that he possessed firearms "in furtherance of" his marijuana business.

A firearm so possessed is "strategically located so that it is quickly and easily available for use." *United States v. Mackey*, 265 F.3d 457, 462 (6th Cir. 2001). "[T]he type of weapon, the legality of its possession [and] the type of drug activity conducted" are also relevant to whether the firearms were possessed in furtherance of the drug trafficking crime. *Id.*

These factors support a finding that Jordan possessed firearms in furtherance of his marijuana business. Detectives recovered eight firearms from Jordan's residence, seven of which were in close proximity to a distribution-level quantity of marijuana, other drug paraphernalia, multiple containers of ammunition, and brass knuckles. Among the firearms were two pistols, four rifles, one long rifle, and one shotgun. Marijuana residue was located near the firearms. And detectives found marijuana in ammunition cases elsewhere on Jordan's property. Jordan admitted possessing the firearms, drugs, and drug paraphernalia, and that he "was engaged in the business of selling marijuana." That collectively is enough to support the plea.

Second, Jordan argues that the district court erroneously denied his motion to suppress the items seized from his residence. A defendant who pleads guilty, however, "may not appeal an adverse ruling on a pre-plea motion to suppress evidence unless he has preserved the right to do so by entering a conditional plea of guilty in compliance with Rule 11(a)(2)." *United States v. Bell*, 350 F.3d 534, 535 (6th Cir. 2003). *See also Tollett v. Henderson*, 411 U.S. 258, 267 (1973) (defendants

who plead guilty "may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea"). Jordan entered an unconditional plea, and thus cannot appeal the earlier denial of his suppression motion.

Finally, Jordan challenges his designation as an Armed Career Criminal, but presents no argument in support of his position. We therefore deem this argument waived. *See United States v. Elder*, 90 F.3d 1110, 1118 (6th Cir. 1996) ("it is a settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived") (internal quotation marks omitted).

The judgment of the district court is affirmed.