**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                )
IN RE: SEALED CASE              ) Criminal Action No. 00-117 (RWR)
_____)

## MEMORANDUM OPINION AND ORDER

The defendant has moved to withdraw his guilty plea to one count of possessing a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c). He alleges legal innocence, asserting that he felt pressured to accept the government's version of the facts supporting his plea and that the facts to which he pled do not support a 924(c) count. Because the defendant's plea was entered knowingly, intelligently, and voluntarily in accordance with the procedural safeguards afforded to him by Federal Rule of Criminal Procedure 11, and because there was an adequate factual basis to support the 924(c) count, the defendant's motion to withdraw his guilty plea will be denied.

### BACKGROUND

The defendant was charged in a two-count information with possession with intent to distribute ("PWID") cocaine base in violation of 18 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) and possession of a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1). On April 7, 2000, he chose to waive his right to be indicted by a grand jury and

pled guilty to both counts. The factual proffer agreed to by the defendant sets forth the following facts.

FBI agents executed a search warrant at the defendant's apartment located in Washington, DC. (Plea Hr'g Tr. 39:19-20, Apr. 7, 2001.) In the master bedroom of the apartment, agents found the following items: (1) a colt .38 calibre revolver, which was loaded with six rounds of .38 calibre ammunition; (2) a cellular telephone and a walkie-talkie; (3) a birth certificate and mail bearing the defendant's name; (4) $1,530 in U.S. currency from three separate locations; (5) six small bags of marijuana; and (5) a small plastic bag containing cocaine base. (Plea Tr. 39:23-40:24.) The defendant voluntarily accompanied the agents to the Washington field office where he waived his rights and agreed to make a statement. (Plea Tr. 41:3-11.) The defendant admitted he had purchased a half-ounce of crack cocaine for $500 and had sold most of it the previous day while the unsold remainder was what the agents found. (Plea Tr. 41:22-42:1.) He also stated that he purchased the revolver found in his bedroom for fifty dollars "from an individual he identified only as a crackhead." (Plea Tr. 42:2-5.) Finally, the defendant signed a written statement that said "[o]n this day, the FBI entered my home with a search warrant and found a .38 special,

sixty dime-bags of weed,[1] and sixty dimes of crack. . . .  I . . . take the blame for this charge.  It was mine."  (Plea Tr. 42:6-21.)

On January 31, 2008, the defendant filed a motion to withdraw his guilty plea to the 924(c) count, claiming that he maintained his innocence until he succumbed to undue pressure from the government to accept the government's characterization of his reason for possessing the firearm found in his bedroom, and that there was no factual basis to support the 924(c) charge. The government opposed the defendant's motion, arguing that the defendant's plea was entered knowingly and voluntarily in accordance with Rule 11 and that the government presented sufficient facts, with or without the defendant's admission of his reason for possessing the firearm at his plea hearing, to support the 924(c) charge.

## DISCUSSION

Rule 11(d)(2)(B) permits a defendant to withdraw his guilty plea before a sentence is imposed if he shows a "fair and just reason for requesting the withdrawal."  Fed. R. Crim. P. 11(d)(2)(B); United States v. Jones, 472 F.3d 905, 907 (D.C. Cir. 2007).  "Although presentence withdrawal motions should be 'liberally granted,' they are 'not granted as a matter of

---

[1]At the plea hearing, the defendant disputed that he wrote sixty bags of marijuana in his statement, and instead recalled having nine bags.  (Plea Tr. 44:8-45:9.)

right.'" <u>United States v. Ahn</u>, 231 F.3d 26, 30 (D.C. Cir. 2000) (quoting <u>United States v. Ford</u>, 993 F.2d 249, 251 (D.C. Cir. 1993); <u>United States v. Loughery</u>, 908 F.2d 1014, 1017 (D.C. Cir. 1990)); <u>see also</u> <u>United States v. Shah</u>, 453 F.3d 520, 521 (D.C. Cir. 2006); <u>United States v. Basu</u>, 531 F. Supp. 2d 48, 51-52 (D.D.C. 2008). The decision to grant or not grant withdrawal is within the court's discretion. <u>See</u> <u>United States v. Tolson</u>, 372 F. Supp. 2d 1, 8 (D.D.C. 2005), <u>aff'd</u>, 264 F. App'x 2, 3 (D.C. Cir. 2008).

Typically, courts look at several factors in deciding whether to grant a motion to withdraw a plea, including (1) whether the guilty plea was somehow tainted, (2) whether the defendant has asserted a viable claim of innocence,[2] and (3) whether the delay between the guilty plea and the motion to withdraw has substantially prejudiced the government's ability to prosecute the case. <u>See</u> <u>United States v. West</u>, 392 F.3d 450, 455 (D.C. Cir. 2004); <u>United States v. Asaifi</u>, Criminal Action No. 04-401-02 (RMC), 2007 WL 1322098, at *5 (D.D.C. May 3, 2007). When a plea is tainted because it was entered unconstitutionally or contrary to Rule 11 procedures, the standard for granting a motion to withdraw is lenient. <u>See</u> <u>United States v. Barker</u>, 514 F.2d 208, 221 (D.C. Cir. 1975). However, "where the plea itself

---

[2] The D.C. Circuit has also expressed this assertion as "a legally cognizable defense." <u>United States v. Curry</u>, 494 F.3d 1124, 1129 (D.C. Cir. 2007).

was properly entered[,] . . . more substantial reasons for delay [between the entry of the plea and the filing of the motion] must generally be asserted." Id. Accordingly, it is important to assess first the validity of the plea itself.

I.    VALIDITY OF THE PLEA

"A plea of guilty is constitutionally valid if and only if it 'represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" United States v. McCoy, 215 F.3d 102, 107 (D.C. Cir. 2000) (quoting Hill v. Lockhart, 474 U.S. 52, 56 (1985)).  Rule 11 sets forth procedural safeguards to ensure that a guilty plea is entered into knowingly, voluntarily, and intelligently.[3]  See Fed. R. Crim. P. 11(b).  "An understanding of the crime to which a defendant is admitting guilt is a 'core consideration' of Rule

---

[3]Under the version of Rule 11 in effect at the time of the defendant's guilty plea, in considering and accepting a guilty plea, a court had to inform a defendant of a list of factors, including the nature of each charge to which the defendant is pleading; any mandatory minimum or maximum penalties under the relevant statute; that the court was required to consider any applicable sentencing guidelines, but could depart from those guidelines under some circumstances; the right to be represented by counsel at trial and at every other stage of the proceeding; the right to plead not guilty; the right to a jury trial; the right to confront and cross-examine adverse witnesses; the right against compelled self-incrimination; the defendant's waiver of his right to trial if the court accepts his guilty plea; and that a defendant's answers to questioning given under oath could be used against him in a prosecution for perjury or false statement. See Fed. R. Crim. P. 11(c)(1)-(5) (2000).  A court also had to determine that a plea was voluntary and did not result from force, threats, or promises, and that there was a factual basis for the plea. See Fed. R. Crim. P. 11(d), (f) (2000).

11." United States v. Shah, 263 F. Supp. 2d 10, 21 (D.D.C. 2003) (quoting Ford, 993 F.2d at 253), aff'd but remanded on other grounds, 453 F.3d 520 (D.C. Cir. 2006). "[T]he record of the plea colloquy must lead a reasonable person to believe that the defendant understood the nature of the charge, such as through a judicial recitation of the material details of the charge." Id. A defendant who does not "'show some error under Rule 11 has to shoulder an extremely heavy burden if he is to ultimately prevail' in his effort to withdraw his plea." United States v. Berkeley, 515 F. Supp. 2d 159, 161 (D.D.C. 2007) (quoting United States v. Cray, 47 F.3d 1203, 1208 (D.C. Cir. 1995)). The defendant's representations at the plea hearing regarding "adequacy of counsel and the knowing and voluntary nature of his plea . . . may 'constitute a formidable barrier' to . . . later refutations." United States v. Taylor, 139 F.3d 924, 933 (D.C. Cir. 1998) (citation omitted) (quoting Blackledge v. Allison, 431 U.S. 63, 74 (1977)).

The defendant does not and cannot argue that the plea colloquy itself was unconstitutional, as the defendant's guilty plea was "attended by all the required procedural safeguards [of Rule 11]." Cray, 47 F.3d at 1208. The plea hearing engaged the defendant in a thorough Rule 11 inquiry which elicited his understanding of, and agreement to, the fact that by pleading guilty he was "waiving his right to trial and his Fifth Amendment

privilege against self-incrimination." Shah, 453 F.3d at 522. The defendant confirmed that he had fully discussed the charges with his attorney, and that he understood the crimes to which he was admitting guilt. (Plea Tr. 7:12-23.) Each material element of the charges to which he was pleading was described to him and he was told that if he went to trial, the government would have to prove every element beyond a reasonable doubt before he could be found guilty. (Plea Tr. 35:20-38:18.)

The defendant argues that his plea is tainted because he was unfairly pressured to admit to the government's belated characterization of his purpose in possessing the firearm found in his apartment to support the 924(c) count, and absent his coerced admission, the government lacked a factual basis to support the 924(c) charge. The defendant contends that he had never admitted to possessing the firearm found in his bedroom in furtherance of his intent to sell drugs until the government inappropriately offered its characterization of his purpose after its proffer to the court concluded and the defendant felt he had no choice but to admit to the government's characterization at that time.

During the Rule 11 inquiry, the government offered the detailed factual proffer to support the two charges against the defendant. (See Plea Tr. 39:13-44:2.) Under oath, the defendant agreed with all the facts proffered save the exact quantity of

marijuana recovered.  (Plea Tr. 44:11.)  The court then asked the defendant whether he agreed with the government's factual basis for each essential element of the 924(c) count.  When the defendant disagreed with the court's restatement of his purpose for having the gun found in his apartment, the defendant's counsel clarified it: "if someone had attempted to enter the premises and by force take the drugs, then he would have had access to protect the drugs, . . . to maintain the security of them[.]"  The court then asked the defendant, "[i]s that correct that you had that gun there to help protect your stash?"  The defendant answered, "Yes, sir."  (Plea Tr. 47:5-14.)  But when the defendant began to mention his other purpose of protecting his home and his family, the government stated "[i]f [the defendant] possessed the firearm . . . in his room to protect all of his assets in his room, one of them being the crack cocaine . . . [and] if the gun is there to protect himself from a home-invasion type of robbery, that . . . provides a factual basis[.]" (Plea Tr. 48:20-49:14.)

The defendant presents no legal support for the notion that the government could not clarify its theory of liability in this manner during the course of the Rule 11 inquiry.  Rather, such clarification during the course of Rule 11 inquiry was appropriate to ensure that the both the court and the defendant

fully understood the nature of the government's evidence and to what unlawful acts the defendant was pleading.

Further, the defendant's thoughtful participation throughout the Rule 11 inquiry revealed a lack of any undue pressure that could have caused the defendant to agree to things he did not understand or believe to be true. Repeatedly, the defendant informed the court when he did not understand something and sought clarification before he provided an answer to the court's questions. (See, e.g., Plea Tr. 13:22-14:12; 16:19-18:24.) Immediately after the government's factual proffer, the defendant expressed his disagreement with the government's statement of how much marijuana he had in his possession when the government executed a search warrant of his apartment. (Plea Tr. 44:8-45:6.) In addition, rather than simply agreeing with the court's restatement of the relevant facts, the defendant repeatedly rejected the court's restatements of the parts of the government's factual proffer that he did not feel truthfully reflected his actions. (See Plea Tr. 46:21-48:19.) Further, the defendant was asked if there was anything else he wanted to ask the court or his lawyer before deciding how he wanted to plead. The defendant took the opportunity to consult with his lawyer and inform the court that he wanted to correct the record to reflect that he had never been formally arrested. (Plea Tr. 53:5-54:15.)

The defendant's active participation throughout the Rule 11 inquiry negates any assertion of undue pressure.

To the extent the defendant argues that his guilty plea was tainted because there was an insufficient factual basis to support his plea to the 924(c) count, the government's physical evidence, even without the defendant's admission, was sufficient to support his plea. Under 18 U.S.C. § 924(c),

> any person who, during and in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, <u>or who, in furtherance of any such crime, possesses a firearm</u>, [commits an offense].

18 U.S.C. § 924(c) (emphasis added). The government alleged that, had the defendant's case proceeded to trial, it would have proven that, although the defendant did not use or carry the firearm during his drug-selling activity, he nonetheless <u>possessed</u> the firearm found in his apartment in furtherance of his PWID crime. (Plea Tr. 37:8-23.) "The 'in furtherance of' language of § 924(c) means that 'the weapon must promote or facilitate the crime.'" <u>United States v. Gaston</u>, 357 F.3d 77, 83 (D.C. Cir. 2004) (quoting <u>United States v. Wahl</u>, 290 F.3d 370, 376 (D.C. Cir. 2002)). In considering what is "sufficient evidence to support a finding that [a defendant's] possession of a firearm was 'in furtherance of' a drug trafficking crime," the court of appeals has identified several nonexclusive factors "helpful to a court distinguishing between 'possession in

furtherance of a crime' and 'innocent possession.'" <u>Wahl</u>, 290

F.3d at 376 (quoting <u>United States v. Mackey</u>, 265 F.3d 457, 462

(6th Cir. 2001)). Relevant factors include "'whether the gun was

loaded, the type of weapon, the legality of its possession, the

type of drug activity conducted, and the time and circumstances

under which the firearm was found.'" <u>Id.</u> (quoting <u>Mackey</u>, 265

F.3d at 462.) In both <u>Gaston</u> and <u>Wahl</u>, the court of appeals

upheld 924(c) convictions because "the pistols were

'strategically located so that [they were] quickly and easily

available for use' in furtherance of the drug crimes." <u>Gaston</u>,

357 F.3d at 83 (quoting <u>Wahl</u>, 290 F.3d at 376) (alteration in

original); <u>Wahl</u>, 290 F.3d at 376.

In this case, the government's factual proffer demonstrated

that the government would prove that the defendant kept an

illegally-obtained loaded gun in the same bedroom with drugs he

intended to sell and with a large amount of money. A jury could

reasonably conclude from such evidence that the defendant kept

the loaded gun near the drugs and the money because he possessed

the gun to protect the drugs. Under <u>Wahl</u> and <u>Gaston</u>, such an

inference is sufficient to support a 924(c) charge. Thus, the

government presented a factual basis for the plea even without

the defendant admitting his purpose for possessing the gun. The

defendant's admission under oath to the government's stated

theory for the defendant's reason for having his gun -- that the

defendant's possession of the firearm located in his bedroom was to protect his home and the people and things inside his home, including the drugs (see Plea Tr. 48:20-49:14) -- bolstered the government's evidence because the admission established that the defendant's possession of the firearm was in furtherance of his drug selling activity, rather than being innocent possession. Although the defendant's admission was not necessary to find a factual basis for the plea, since the admission was made voluntarily, it is further evidence that his plea had an adequate factual basis when entered. Accordingly, because the defendant's plea was not induced by undue pressure and there was a factual basis for his plea, there is nothing in the record indicating the defendant's guilty plea was tainted.

## II. VIABLE CLAIM OF INNOCENCE

A defendant seeking to withdraw a guilty plea before sentencing "must affirmatively advance an objectively reasonable argument that he is innocent, for he has waived his right simply to try his luck before a jury." Asaifi, 2007 WL 1322098, at *5 (quoting Cray, 47 F.3d at 1209). A general denial of guilt is insufficient. West, 392 F.3d at 456. If withdrawal were automatic in every case where the defendant merely asserts legal innocence and wishes

> to alter his tactics and present his theory of the case to the jury, the guilty plea would become a mere gesture, a temporary and meaningless formality reversible at the defendant's whim. In fact, however,

> a guilty plea is no such trifle, but "a grave and solemn act" which is "accepted only with care and discernment."

Barker, 514 F.2d at 221 (quoting Brady v. United States, 397 U.S. 742, 748 (1970)). Consideration "not only whether the defendant has asserted his innocence, but also the reason why the defenses now presented were not put forward at the time of [the] original pleading" is important. Id.

The defendant asserts that because he was coerced into accepting the government's characterization of his purpose for having the gun found in his bedroom, he has a viable claim of innocence to the 924(c) charge. However, as is discussed above, the defendant's admissions as to his purpose for possessing the gun found in his apartment were made knowingly and voluntarily and the defendant's admitted reason sufficiently constitutes possession of a firearm in furtherance of a drug trafficking crime under § 924(c). The assertion he now makes implies that he committed perjury during his plea, and "lying to a court is not a 'fair and just' reason . . . for allowing a plea to be withdrawn." Shah, 453 F.3d at 523 (citation omitted); see also Barker, 514 F.2d at 223 (explaining that it is important to consider whether a withdrawal motion "is premised on claims directly contrary to the representations" made during the plea hearing, and affirming denial of the motion to withdraw because appellants willfully abused and misled the court). Further, the

defendant readily agreed to, and still does not contest, the government's factual proffer revealing the items found all in his bedroom, including his illegally-possessed loaded gun, a remaining inventory of drugs for sale, and a large quantity of cash found the day after he had sold much of a half-ounce of crack cocaine, and such evidence would be sufficient to support a 924(c) charge even without the defendant's admission of his reason for having the gun.  Accordingly, in light of the defendant's voluntary admissions, the government's physical evidence, and the defendant's failure to present any defense to the government's physical evidence, the defendant has not asserted a viable claim of innocence as to the 924(c) charge.

III. PREJUDICE TO THE GOVERNMENT

Prejudice to the government may be taken into account when considering whether to allow a defendant to withdraw a guilty plea, but it is not dispositive.  See West, 392 F.3d at 457. Where a defendant has failed to establish that his plea was somehow tainted and has failed to present a viable claim of innocence, a defendant's motion to withdraw his plea may be properly denied without a showing of prejudice to the government. See Id.

The defendant waited almost six years after entering his guilty plea to seek withdrawal.[4]  The government speculates, without support, that it will suffer prejudice because the delay in bringing the defendant to trial would weigh against the government in the mind of a juror, and asserts that absent the defendant's plea, it might have sought to indict his girlfriend within the time permitted by the statute of limitations, which has now run.  Withdrawal of the plea now could theoretically "substantially prejudice legitimate prosecution interests."  See Barker, 514 F.2d at 223 (finding prejudice to the government if withdrawal was allowed eight months after the plea had been entered).  Although not dispositive, this potential prejudice also weighs against granting the defendant's motion.

### CONCLUSION AND ORDER

The defendant's plea colloquy satisfied Rule 11 and he has not shown that he maintains a viable claim of innocence or that his plea was anything but voluntary.  In light of these considerations, combined with the potential prejudice to the government if it were to try this case at this late date, the defendant has failed to show a fair and just reason to let him

---

[4]Although the defendant did not file his motion to withdraw until January 31, 2008, almost eight years after his plea, he expressed his intent to consider withdrawal in 2006.  His motion was delayed by difficulty in obtaining the transcript of the plea hearing.

withdraw his plea.  Thus, his motion to withdraw his guilty plea will be denied.  Accordingly, it is hereby

ORDERED that defendant's motion to withdraw his guilty be, and hereby is, DENIED.

SIGNED this 13th day of March, 2009.


_____/s/_____
RICHARD W. ROBERTS
United States District Judge