NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0848n.06

No. 14-5109

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Nov 12, 2014
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff-Appellee, | ) |
| | ) ON APPEAL FROM THE UNITED |
| v. | ) STATES DISTRICT COURT FOR |
| | ) THE EASTERN DISTRICT OF |
| MARCUS LYONEL STORY, | ) TENNESSEE |
| | ) |
| Defendant-Appellant. | ) |
| | ) |
| | ) |

BEFORE: SILER, SUTTON, and STRANCH, Circuit Judges.

PER CURIAM. Marcus Lyonel Story challenges the sufficiency of the evidence to support his conviction for possession of a firearm in furtherance of a drug trafficking crime. As set forth below, we affirm Story's conviction.

Following his guilty pleas to possession with intent to distribute marijuana and cocaine in violation of 21 U.S.C. § 841(a)(1) (Counts 1 and 2), Story proceeded to trial on the charge of possession of one or more firearms in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) (Count 3). After a two-day trial, during which Story testified, the jury returned a guilty verdict. The district court sentenced Story to concurrent terms of 41 months on Counts 1 and 2 and a consecutive term of 60 months on Count 3 for an effective sentence of 101 months of imprisonment.

We review de novo Story's claim of insufficient evidence. *See United States v. Ham*, 628 F.3d 801, 807 (6th Cir. 2011). "[T]he relevant question is whether, after viewing the

evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). "In making this determination, however, we may not reweigh the evidence, reevaluate the credibility of witnesses, or substitute our judgment for that of the jury." *United States v. Martinez*, 430 F.3d 317, 330 (6th Cir. 2005).

Story does not dispute that he committed the drug trafficking crimes to which he pleaded guilty and that he possessed six semi-automatic handguns—five found in his bedroom closet and one found in a vehicle parked in his driveway. Story contends that there was insufficient evidence that he possessed those firearms "in furtherance of" his drug trafficking crimes. For possession of a firearm to be "in furtherance of" a drug trafficking crime, "the weapon must promote or facilitate the crime." *United States v. Mackey*, 265 F.3d 457, 460–61 (6th Cir. 2001). Section 924(c) does not "cover all instances of possession of a firearm by a drug trafficker"; rather, there must be "a specific nexus between the gun and the crime charged." *Id*. at 462. "In order for the possession to be in furtherance of a drug crime, the firearm must be strategically located so that it is quickly and easily available for use." *Id.* Other factors "include whether the gun was loaded, the type of weapon, the legality of its possession, the type of drug activity conducted, and the time and circumstances under which the firearm was found." *Id*.

A search of Story's residence uncovered more than $8,000 cash, three digital scales, packaging materials, more than 110 grams of cocaine, and nearly 40 pounds of marijuana. Law enforcement officers testified that the amount of drugs found had a value in excess of $40,000 and indicated that Story was an upper-level dealer. According to the officers, "drugs and guns go together like peas and carrots," especially at the dealer level. The officers testified that dealers commonly possess guns to protect themselves, their drugs, and their money and that the

risks associated with drug dealing, such as robbery, increase as the amount of product and money increases. In searching Story's residence for drugs, the officers found a 20-pound bale of marijuana in his bedroom closet. Next to the bale of marijuana was a black bag containing five semi-automatic handguns, corresponding magazines, and loose ammunition. Directly beneath the bale of marijuana was a cardboard box containing additional magazines, one of which was partially loaded, and various rounds of boxed and loose ammunition. The officers suggested that the handguns were not loaded because there were three small children in the house and testified that the handguns could have been retrieved and loaded in 15 to 30 seconds.

Viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found that Story strategically located the handguns next to his marijuana so that they were quickly and easily available for use and that he possessed those firearms in furtherance of his drug trafficking crimes. *See Ham*, 628 F.3d at 809; *United States v. Manjate*, 327 F. App'x 562, 567–68 (6th Cir. 2009). Accordingly, we affirm Story's conviction.