**NOT RECOMMENDED FOR PUBLICATION**
File Name: 20a0684n.06
No. 20-5225

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Dec 07, 2020
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF KENTUCKY |
| | ) | |
| DANNY WAYNE BEDWELL, | ) | |
| | ) | |
| Defendant-Appellant. | ) | OPINION |

---

BEFORE:    MOORE, COOK, and STRANCH, Circuit Judges.

**JANE B. STRANCH, Circuit Judge.**  This case reviews the district court's acceptance of a plea of guilty to a charge of possession of a firearm in furtherance of a drug crime under 18 U.S.C. § 924(c)(1).  Defendant Danny Bedwell contends that the district court erred in accepting the plea because statements he made during the plea colloquy contradicted the factual underpinnings of the guilty plea.  Because the district court committed no plain error, we **AFFIRM**.

## I.   BACKGROUND

On March 7, 2018, Bedwell sold six ounces of crystal methamphetamine to a cooperating witness for the ATF and DEA.  Surveillance agents observed Bedwell handing a bag to the cooperating witness in exchange for $4,200.  Subsequently, federal agents executed a search warrant on Bedwell's residence and discovered a box on his kitchen table.  Inside the box, they found a fentanyl mixture, methamphetamine, and a loaded Taurus 0.380 pistol.  Bedwell admitted

to selling methamphetamine and that the firearm belonged to him. The amount of drugs recovered was consistent with distribution.

Bedwell was indicted by a grand jury in the Eastern District of Kentucky on three counts: distribution of 50 grams or more of methamphetamine pursuant to 21 U.S.C. § 841(a)(1) (Count 1), possession with intent to distribute a substance containing methamphetamine and fentanyl pursuant to 21 U.S.C. § 841(a)(1) (Count 2), and possession of a firearm in furtherance of a drug trafficking crime pursuant to 18 U.S.C. § 924(c)(1) (Count 3). Pursuant to a plea agreement, Bedwell pleaded guilty to Counts 1 and 3.

During his plea colloquy, Bedwell stated that he understood the charges and the terms of the plea agreement. He confirmed that he had reviewed the plea agreement with his attorney. Bedwell confirmed that the prosecutor's summary of the plea agreement was accurate, including that he had possessed the firearm "in furtherance" of the drug crime. The district court asked Bedwell to describe what he did to be guilty of Count 3, noting that Count 3 "alleges that, in furtherance of the drug trafficking crime that's charged in [Count 2], that you possessed a firearm in furtherance of the offense. . . ." (R. 40 at PageID 161–62) Bedwell responded that he had purchased the firearm about a week prior to the offense, and confirmed that it was his. The district court asked Bedwell to acknowledge that he possessed the firearm "in connection with the drug trafficking offense." Bedwell responded: "I mean, at the time I was trafficking drugs, correct. But I didn't solely purchase it for that reason." (*Id.* at PageID 162) When the district court asked him to clarify if he bought it for protection during drug sales, Bedwell stated: "No. No, I bought it to sell it again so I could continue my high." (*Id.*) Bedwell then confirmed that all the factual information in the plea was correct. He then stated that he believed the Government could prove the elements of Counts 1 and 3, including that he possessed the firearm "in furtherance of the drug

trafficking crime." And Bedwell stated that he was entering a guilty plea because he was, in fact, guilty of the charged offenses.

The district court sentenced Bedwell to sixty months of incarceration for Count 1 and a consecutive sixty months for Count 3, for a total term of 120 months. Bedwell filed this appeal, arguing that the district court erred in accepting his plea as to Count 3 because there was an inadequate factual basis for accepting the plea under Fed. R. Crim. P. 11(b)(3).

## II.   ANALYSIS

### A.   Standard of Review

Because Bedwell did not raise any Rule 11 objections before the district court, we review for plain error whether the district court had a sufficient factual basis to enter judgment on his guilty plea. *United States v. Vonn*, 535 U.S. 55, 59 (2002); *United States v. Mobley*, 618 F.3d 539, 544 (2010). In doing so, we may examine the entire factual record. *Vonn*, 535 U.S. at 59. To show plain error, a litigant "must show (1) that an error occurred in the district court; (2) that the error was plain, *i.e.*, obvious or clear; (3) that the error affected defendant's substantial rights; and (4) that this adverse impact seriously affected the fairness, integrity[,] or public reputation of the judicial proceedings." *United States v. McCreary-Redd*, 475 F.3d 718, 721 (6th Cir. 2007) (quoting *United States v. Koeberlein*, 161 F.3d 946, 949 (6th Cir. 1998)). If this test is satisfied, we have "the *discretion* to remedy the error . . . ." *Puckett v. United States*, 556 U.S. 129, 135 (2009) (citing *United States v. Olano*, 507 U.S. 725, 736 (1993)). A Rule 11 error affects a defendant's substantial rights only if the defendant shows "a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004).

**B.      Discussion**

Fed. R. Crim. P. 11(b)(3) requires that "[b]efore entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea." The purpose of this Rule "is to ensure the accuracy of the plea through some evidence that a defendant actually committed the offense." *United States v. Tunning*, 69 F.3d 107, 111 (6th Cir. 1995) (quoting *United States v. Keiswetter*, 860 F.2d 992, 995 (10th Cir. 1988)). A factual basis can be established, among other ways, by asking the defendant to state in his own words what the defendant "believes constitutes the crime to which he is pleading guilty" and ensuring that "the defendant's statement includes conduct—and mental state if necessary—that satisfy every element of the offense." *Tunning*, 69 F.3d at 112. For a simple crime, "a reading of the indictment and an admission by the defendant might be sufficient to establish a factual basis . . . ." *United States v. Baez*, 87 F.3d 805, 809 (6th Cir. 1996). And "when a plea agreement's written description of the essential facts underlying the charge supports a finding of guilty, the defendant's express acknowledgment of the accuracy of the agreement's provisions satisfies the requirements" of Rule 11. *Id.* at 810.

Bedwell argues that the facts to which he admitted did not satisfy the "in furtherance" element of 18 U.S.C. § 924(c). The "in furtherance" element is a "higher standard than 'during and in relation to.'" *United States v. Mackey*, 265 F.3d 457, 461 (6th Cir. 2001). The "possession of a firearm on the same premises as a drug transaction would not, without a showing of a connection between the two, sustain a § 924(c) conviction." *Id.* at 462. There must be a "'specific nexus between the gun and the crime charged.'" *United States v. Gill*, 685 F.3d 606, 611 (6th Cir. 2012) (quoting *United States v. Ham*, 628 F.3d 801, 808 (6th Cir. 2011)). In assessing whether the Government has proven this specific nexus, we evaluate the following non-exhaustive list of factors: 1) whether the firearm was "strategically located" and "quickly and easily available for use;" 2) whether the firearm was loaded; 3) the type of weapon; 4) whether the firearm was

possessed legally; 5) the type of drug activity conducted; and 6) the "time and circumstances under which the firearm was found." *Mackey*, 265 F.3d at 462.

Bedwell contends that for a weapon to be possessed "in furtherance" of a drug trafficking crime, it must "promote or facilitate the crime" and that the facts to which he admitted do not meet this test. Bedwell told the district court that he did not possess the firearm "solely" to advance his drug trafficking activities but had purchased it to sell so he could purchase more drugs for personal use. According to Bedwell, this admission is too far removed from the drug crime, and thus the district court erred in accepting his plea as to Count 3. Bedwell contends that this plain error directly affected his substantial rights because he would not have pleaded guilty if he had understood that his conduct did not violate the law, and as a result he is serving a mandatory 60-month sentence based on facts that do not fulfill the elements of the crime he was charged with.

The Government counters that all that is required to satisfy the "in furtherance" element of § 924(c) is a specific nexus between the gun and the possession with intent to distribute fentanyl and methamphetamine offense. Mere possession of the firearm is not sufficient, but the Government argues that the modest evidentiary burden required has been met by the fact that the firearm was located in the box with the drugs in Bedwell's home and was thus immediately available to him in connection with drug sales; the firearm was loaded; the weapon was small and easily concealed; Bedwell had trafficked a significant amount of drugs; and the firearm was discovered during the execution of a warrant looking for drugs.

During the plea colloquy, the district court asked Bedwell if he had received a copy of the indictment and reviewed it with his attorney. He said yes. The district court asked if he understood the charges. He again said yes. Bedwell confirmed that he reviewed the plea agreement with his

attorney and signed it. The prosecutor then reviewed the plea agreement, including the elements

of Count 3. The district court then stated:

> I want to go through Counts 1 and 3 with you. And then after I've gone through these counts, I'm going to ask you to tell me what it was that you did to be guilty of those charges. I know there is some factual information in your plea agreement, I'll ask you to confirm that's accurate. But before we get to that, I'll ask you just to tell me what it was that you did. (R. 40 at PageID 159–60)

The district court then read the facts from the plea agreement. Bedwell confirmed it was his

firearm and that he had purchased it the week prior. Bedwell and the district court then had the

following exchange:

> THE DEFENDANT: I had purchased the firearm probably a week prior to that. And, yeah, it was my firearm.
>
> THE COURT: So you acknowledge that it was in connection with the drug trafficking offense, is that accurate, that you possessed it in connection with?
>
> THE DEFENDANT: I mean, at the time I was trafficking drugs, correct. But I didn't solely purchase it for that reason. I mean, I was –
>
> THE COURT: Did you do it, for example, to provide protection for yourself in the event that you were confronted during an offense?
>
> THE DEFENDANT: No. No, I bought it to sell it again so I could continue my high.
>
> THE COURT: The plea agreement has a factual summary that's contained in paragraph 3. I know you've had the opportunity to review the summary. Is the information that is contained in paragraph 3, subparagraphs (a) through (d), true and correct to the best of your knowledge and belief?
>
> THE DEFENDANT: Correct.
>
> THE COURT: All right. And do you understand that if the case proceeded to a trial by a jury, that the government would be required to prove certain elements to obtain a conviction for what's charged in Counts 1 and 3? The elements for Count 1 would be that you did distribute 50 grams or more of actual methamphetamine, which is a Schedule II controlled substance, and you did so knowingly and intentionally. For Count 3, the government would be required to prove that you committed the drug trafficking crime that's charged in Count 2 for which you could be prosecuted in a court of the United States; and, second, that you knowingly possessed the firearm,

and that the firearm in your possession was in furtherance of the drug trafficking crime.

THE DEFENDANT: Correct.

THE COURT: Do you believe if the matter proceeded to trial, the government could prove those elements with regard to both counts?

THE DEFENDANT: I do believe they could. (*Id.* at PageID 162–63)

Finally, the district court confirmed with Bedwell's attorney that "a sufficient factual basis [had] been stated for the [c]ourt to accept a plea of guilty from Mr. Bedwell." (*Id.* at PageID 164)

The district court initially asked Bedwell, erroneously, if he possessed the firearm "in connection with" the drug trafficking offense rather than "in furtherance of." However, the district court stated the correct "in furtherance" language when discussing Count 3 a few questions later. While additional questioning concerning Bedwell's purpose in obtaining the gun and how it was intended to be used "in furtherance" of his drug trafficking activities might have been warranted, Bedwell's admissions were not directly contradictory to the "in furtherance" element. He stated that he did not "solely" purchase the gun to use in the drug trafficking offense, implying that the drug sales were not the *only* use for the firearm. The district court's acceptance of Bedwell's statements does not here amount to plain error.

The *Mackey* factors also weigh against a finding of plain error. The gun was found in a box with the drugs Bedwell was charged with selling and was therefore "quickly and easily available for use" in connection with selling those drugs. *Mackey*, 265 F.3d at 462. The firearm was loaded. The firearm in question is small and easily concealed. The drug quantities recovered from Bedwell's residence were significant and consistent with distribution: 3.6 grams of fentanyl mixture and 32.842 grams of methamphetamine. And the gun was recovered during a search executed pursuant to a warrant for the drugs. While Bedwell legally possessed the firearm, this

factor is not dispositive and the other factors suggest that the district court did not commit plain error by determining that the firearm was possessed "in furtherance" of the drug trafficking offense. *See United States v. Maya*, 966 F.3d 493, 503 (6th Cir. 2020). That the underlying facts support Bedwell's possession of the firearm in furtherance of the drug crime and that Bedwell also admitted the accuracy of the underlying facts is sufficient to show that the district court's actions did not rise to the level of plain error. *See Baez*, 87 F.3d at 809–10.

### III. CONCLUSION

Because the district court committed no plain error in finding a factual basis for the "in furtherance element" of Bedwell's guilty plea to the offense under § 924(c), we **AFFIRM**.